# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50050 | **DATE** | 12/9/2011 |
| **CASE TITLE** | Shearrow vs. Easton Enterprises, LLC, et al. | | |

**DOCKET ENTRY TEXT:**

Defendants' motion for a protective order [24] is granted, and Plaintiff's motion for discovery pursuant to Rule 56(d) [28] is granted, in part. The court will allow the Plaintiff until January 3, 2012 to conduct discovery in conformity with this opinion.

■ [ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Plaintiff's complaint alleges claims for sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964 and the Illinois Human Rights Act. Plaintiff filed suit against Randall Easton, the owner of Easton Enterprises, LLC, individually and in his capacity as a decision-maker under the Illinois Human Rights Act. Plaintiff also listed two other companies owned by Defendant Easton, U.S. Water Company ("U.S. Water"), LLC and USWC Inc. ("USWC"), as defendants.

Defendants believe that Easton Enterprises, LLC is the clearly established employer of Plaintiff for the purposes of this litigation, and that any discovery against U.S. Water and USWC would be unnecessary and burdensome. Plaintiff included U.S. Water and USWC as defendants based on his belief that they may be necessary litigants in order for Plaintiff to collect any damages. Plaintiff questions whether Easton Enterprises, LLC has followed the appropriate corporate formalities.

On November 22, 2011, Defendants U.S. Water and USWC filed a motion for a protective order and a motion for summary judgment. The motion for a protective order asks the court to prevent U.S. Water and USWC from having to incur the expense of responding to Plaintiff's discovery requests while the motion for summary judgment is pending. The motion for summary judgment argues that U.S. Water and USWC are not employers for the purposes Counts I through IV and VI of Plaintiff's complaint. In response to the motion for summary judgment, Plaintiff filed a motion pursuant to Rule 56(d), indicating that more discovery was necessary in order to response to the claims regarding the status U.S. Water and USWC as potential employers.

Defendants' arguments appear well-taken. One of the reasons federal anti-discrimination laws contain provisions exempting small employers is to shield such entities from having to expend limited resources defending against suits, including the costs of responding to discovery. *See Papa v. Katy Industries*, 166 F.3d 937 (7th Cir. 1999). This principle remains true even where a small employer has a

parent company or "sibling" companies under the same owner. However, the principle is thwarted where there are conditions present for "piercing the veil," where an enterprise has split up for the express purpose of avoiding liability, or where a parent company might have directed the act or practice in question. *Id.* at 942. Piercing the corporate veil is generally appropriate where there is a unity of interest and ownership such that the separate personalities and ownership of the corporation no longer exist, and where adherence to a "fiction of corporate existence" would promote fraud or injustice. *Radimecky v. Mercy Health Care and Rehab. Center*, 2000 WL 1644510 (N.D. Ill. 2000). Among the factors to be considered to determine whether there is sufficient ownership or interests are: "(1) the failure to maintain adequate corporate records or to comply with corporate formalities; (2) the commingling of funds or assets; (3) undercapitalization; and (4) one corporation treating the assets of another as its own." *Id.* at *3 (quoting *Van Dorn Co. v. Future Chemical and Oil Corp.*, 753 F.2d 565, 570 (7th Cir. 1985)).

     Plaintiff believes that U.S. Water and USWC are sufficiently related to Easton Enterprises, LLC, and Randall Easton, that they must be investigated as potential sources of liability. At a hearing on November 18, 2011, Plaintiff's counsel suggested that all three corporate defendants are owned by Randall Easton, and that there is reason to believe the corporate entities have a unity of interest or ownership such that piercing the corporate veil might become appropriate in this case. For example, Plaintiff's counsel suggested that Defendant Easton Enterprises, LLC was not properly registered to do business in Illinois.

     At the same time, the court finds the focus of an inquiry into the sufficiency or viability of a defendant should initially remain on the actual employer. Plaintiff should be able to conduct all necessary discovery through information available from Easton Enterprises, LLC. In other words, Plaintiff would have to make an initial showing that the factors listed by the Seventh Circuit were present at Easton Enterprises, LLC before moving on to discovery involving U.S. Water and USWC.

     The court finds that Plaintiff should have the opportunity to explore whether the factors listed by the Seventh Circuit for determining whether there is sufficient unity of ownership or interests among the Defendants are present. Plaintiff must begin by showing those factors are applicable to Easton Enterprises, LLC, the established employer. For the foregoing reasons, Defendants' motion for a protective order [24] is granted, and Plaintiff's motion for discovery pursuant to Rule 56(d) is granted, in part. The court will allow the Plaintiff until January 3, 2012 to conduct discovery in conformity with this opinion.

| | Courtroom Deputy Initials: | BTJ |
|---|---|---|